## BLUMENTHAL *v.* THE STATE.

1. There is a difference between fact and evidence tending to establish a fact.
2. In his charge the judge may define what are the elements going to make up an offense, and instruct the jury that if they find from the evidence that the facts constituting these elements are established they may find the defendant guilty.
3. But the trial judge may not go from the general to the particular and so charge in reference to the testimony as to intimate whether the facts constituting the elements of the crime have or have not been established.
4. There was no error in the charge as to how the State was to prove that the defendant knew the goods were stolen, it appearing from the succeeding sentence that the jury were instructed and must have understood that positive and direct evidence of such knowledge need not be adduced, but that it might be inferred from circumstances.

Argued October 19, — Decided December 20, 1904.

Accusation of receiving stolen goods.        Before Judge Norwood, City court of Savannah.        August 19, 1904.

The defendant was convicted of receiving pantaloons knowing them to be stolen.        There was evidence that he was a pawn-broker; that he had failed to enter in his stub-book the pantaloons pledged, as required by the city ordinances, and that he had attempted to conceal the fact of the pledge when inquiry was made in reference thereto by the officer who was searching for the lost goods.        It appeared that the pantaloons had been stolen by two negro women.        The defendant denied knowing that they had been stolen, denied that he attempted to deceive the officer, and contended that it was quite common in Savannah for the owner of such goods to send the same to the pawnshop, by women or men, for the purpose of raising money thereon.        He excepted to the overruling of his motion for a new trial, one ground of which was that the court erred in charging the jury as follows: "The gist of the offense of receiving stolen goods is the guilty knowledge by the party receiving the goods. . . The burden is upon the State to show this guilty knowledge; but I charge you that it is not necessary that the State should show you by proof that the defendant knew that the goods were stolen. This knowledge may be inferred on your part by all the circumstances attending the transaction; such, for instance, as the character of the party pawning the goods, the conduct and statements of the defendant concerning the transaction, the time when the

goods were pawned, the kind of articles pawned." Then followed the language quoted in the opinion.

*Twiggs & Oliver*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, and *E. H. Abrahams*, contra.

LAMAR, J. There is a difference between fact and evidence tending to establish a fact, though it may not be possible to lay down any rule by which the line separating the two may be distinguished in determining the power of the judge to refer thereto. It has been held that the judge need not confine himself to the abstract, but may instruct the jury with reference to the concrete. *Penniman* v. *State*, 58 *Ga.* 336. To that end, and for the purpose of making a helpful charge, he may define what are the constituent elements of the offense named in the indictment, and thereupon instruct the jury that if they find from the evidence that facts constituting these named elements have been established beyond a reasonable doubt, they may return a verdict of guilty. But the Civil Code, § 4334, prohibits the use of any language which even intimates the court's opinion as to what has or has not been proved as to these elements or by them. In the present case, after charging in general terms what were the elements of the offense, and what class of circumstances might be considered, the judge might have told the jury that they could consider the character of the articles pawned, and the sex of the person offering them. But he went from the general to the particular, and charged: "In this case the articles pawned were pants, and the parties pawning them were negro girls. You can consider whether negro girls wear pants. These are some of the circumstances which you should consider in determining the guilty knowledge of the defendant." The very force and pertinence of the intimation requires the grant of a new trial. *Moody* v. *State*, 114 *Ga.* 449; *Rawls* v. *State*, 97 *Ga.* 187; *Davis* v. *State*, 91 *Ga.* 167 (2); *Bradley* v. *State*, 121 *Ga.* 201.

It is very clear that the jury could not have been misled by the charge that the State need not prove that the defendant knew that the goods were stolen. The context and the succeeding sentence showed that the court meant only that positive and direct evidence of such knowledge need not be adduced, but that it might be inferred from the circumstances. The judge then pro-

ceeded to enumerate what might be considered by the jury in determining this question. His charge is supported not only by the absolute necessity in such cases, and the utter impossibility of making out a case without relying on circumstantial evidence, but also by the express ruling in *Cobb* v. *State*, 76 *Ga.* 654.

<em>Judgment reversed. All the Justices concur.</em>