# GOOLSBY *v.* THE STATE.

1. In the first excerpt from the charge of the court complained of in the motion for a new trial there was such an expression of opinion upon the facts of the case as to require the grant of a new trial.
2. While there are certain inaccuracies in other portions of the charge complained of, they are not of such a character as to constitute cause for the grant of a new trial.

No. 889. OCTOBER 16, 1918.

Indictment for murder. Before Judge Highsmith. Early superior court. February 23, 1918.

Ulysses Goolsby, the plaintiff in error, and Mike Goolsby were jointly indicted for the offense of murder, it being alleged that they did unlawfully and with malice aforethought murder one H. J. Villipigue with a gun and a pistol. Upon a former trial the defendants were convicted of murder, and the superior court having overruled their motion for a new trial, they excepted; and the judgment refusing a new trial was reversed. *Goolsby* v. *State,* 147 *Ga.* 169, 259 (93 S. E. 88, 407). At a subsequent trial Ulysses Goolsby was again convicted; and a verdict of not guilty, under the direction of the court, was rendered as to Mike Goolsby. Ulysses Goolsby made a motion for a new trial, which was overruled, and he excepted.

*Munday & Cornwell* and *James K. Hines,* for plaintiff in error.
*Clifford Walker, attorney-general, B. T. Castellow, solicitor-general, R. R. Arnold,* and *M. C. Bennet,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The evidence upon the last trial as to the main features of

the case is not materially different from what it was on the former trial. After the conclusion of the evidence and argument of counsel, upon the submission of the case to the jury the court instructed them that in so far as Mike Goolsby was concerned a verdict of not guilty should be rendered. Had the court confined his instructions upon this point to a direction of a verdict of not guilty as to Mike Goolsby, this would, of course, have furnished no ground of complaint upon the part of Ulysses Goolsby. But the court charged the jury as follows: " On the former trial of this case, as in this, there was no evidence that Mike Goolsby did any act tending to produce the death of the alleged deceased, as charged in the bill of indictment, and the case was tried on the theory that he was responsible as a conspirator. The case was carried to the Supreme Court, and the Supreme Court held in the case that the evidence did not authorize a finding against Mike Goolsby on that theory; that the evidence was insufficient to authorize the court to charge the jury the rule of law with reference to a conspirator. The Supreme Court having decided in this case that the court was not authorized to charge the jury the rule with reference to a conspiracy, this court would not feel justified in submitting the case to the jury again on that theory. The rules and decisions of the Supreme Court are binding on this court, and are the law of this case. Whatever our personal views may be with respect to what evidence may or may not authorize, the decisions of the Supreme Court are binding and control. There are a great many cases in the books, a great many cases are tried and have been tried, where the Court held that the evidence, facts, and circumstances surrounding the transaction and the defendant on trial, charged jointly with the commission of an offense, although the evidence did not show any actual participation, yet the evidence was sufficient to show that he was a conspirator and therefore responsible for whatever might have occurred in pursuance of a common intent and purpose. In other words, in this case, in order for the defendant, Mike Goolsby, to be held under the rule of conspiracy, it would have to appear that there was a conspiracy by the parties to kill the deceased and did kill him under circumstances that amounted to a crime, and that he conspired with them with the purpose and intent to commit the offense. Simply being present would not authorize holding him as a conspirator. The

Suprer..e Court examined the evidence in this case, and that same evidence has now again been produced before another jury. It having been decided that the evidence was insufficient to establish a case of conspiracy, and that being the only theory under which the case could be submitted to the jury, in so far as Mike Goolsby is concerned, the only result that would follow would be a verdict of not guilty in so far as Mike Goolsby is concerned." This charge is excepted to upon the ground that it contains an expression of opinion by the court upon the facts of the case; and we are of the opinion that this exception is well taken. The portion of the charge set forth was calculated to make upon the jury the impression that the trial judge was of the opinion that there was sufficient evidence to show a conspiracy between Mike Goolsby and some other party. The jury no doubt understood the language of the court to mean that in the court's opinion this case resembled, so far as concerned the question of a conspiracy, other cases or some one of a great number of cases in the books where it has been held by the court that the evidence, facts, and circumstances surrounding the transaction and the defendant on trial were sufficient to show a conspiracy. And if the jury believed there was a conspiracy, then they would be led to conclude, from what the court said and the evidence in the case, that the conspiracy was with no other person than Ulysses Goolsby, who was present, and who, according to the evidence of some of the witnesses, participated in the shooting of the decedent; and the fact that a conspiracy would tend to prove malice upon the latter's part and exclude the idea that the shooting was done either in self-defense or in a sudden heat of passion, which might or might not reduce the homicide to manslaughter, would lead the jury to conclude that the killing was unlawful and done in malice. Inasmuch as this charge of the court contains an expression or intimation of opinion upon the facts of the case, it was error which requires the grant of a new trial.

2. While there are certain inaccuracies in other portions of the charge complained of, they are not of such a character as to constitute cause for the grant of a new trial.

As the case is remanded for a new trial, no opinion is expressed as to the sufficiency of the evidence to authorize a verdict of guilty.

*Judgment reversed. All the Justices concur.*