*Henry G. Howard, Henry J. Heffernan, James S. Bussey Jr.,* contra.

## 23667. THOMAS *v.* THE STATE.

BROYLES, C. J. 1. It is a misdemeanor for any person in this State to have in his possession any quantity of beer, lager beer, or near-beer, or any liquor, beverage or drink made in imitation of or intended as a substitute for beer, whether or not such beer, lager beer, near-beer, liquor, beverage or drink is alcoholic or intoxicating. *Watters v. State,* 42 *Ga. App.* 292 (155 S. E. 780), and cit.

2. Under the foregoing ruling, the undisputed evidence for the State (the defendant introduced no evidence and made no statement to the jury) demanded the defendant's conviction on the second count of the indictment, which charged that he was in possession of "what is known as 3.2 beer, the same having the appearance of beer and smells like beer and

tastes like beer and has the color and general appearance of beer." See *Watters* v. *State*, supra.

3. The court did not err in charging and recharging the jury that whether or not the beverage in question was alcoholic or intoxicating was not a question for their determination. The charge was not subject to the criticism that it amounted to an expression of the court's opinion that the defendant was guilty of the offense charged, and was not erroneous for any other reason assigned.

4. The other special assignments of error are expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. Guerry, J., concurs specially. MacIntyre, J., dissents.*

DECIDED SEPTEMBER 17, 1934.

*Porter & Mebane,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

GUERRY, J., concurring specially. The defendant in this case was not charged with the possession of intoxicating liquors, and there was no error on the part of the trial judge in recharging them to the effect that they were not concerned with whether or not the beverage found in the possession of the defendant was intoxicating. If the jury believed that the defendant possessed the beverage and that it had the same color, odor, and general appearance as beer, they were authorized to find him guilty without regard to whether such beverage was or was not intoxicating. I do not concur in the statement that in a criminal case, where the defendant by his statement has not admitted his guilt but has remained silent, it may be said that a verdict was demanded against him.

MACINTYRE, J., dissenting. Harry Thomas was indicted in two counts for a violation of the prohibition law. These two counts of the indictment are as follows: "The grand jurors . . charge and accuse Harry Thomas with the offense of misdemeanor, for that the said Harry Thomas did on the 20 day of June, 1933, . . have, possessed, and controlled, and have in his possession, custody and control, spirituous, alcoholic, malt, and intoxicating liquor, the same not being alcohol for medicinal, mechanical, or scientific purposes, nor wine for sacramental purposes, contrary to the laws of said State . . " "And the grand jurors aforesaid, upon their oaths aforesaid, do further charge and accuse the said Harry Thomas of the offense of the misdemeanor for that the said Harry Thomas on the twentieth day of June, 1933, and in said county of

Floyd, with force and arms did unlawfully have, possess and control what is known as 3.2 beer, the same having the appearance of beer and smells like beer and tastes like beer and has the color and general appearance of beer."

The defendant having been acquitted on the first count, I will discuss the charge as it affects the second count. The jury retired to consider their verdict at approximately nine-thirty o'clock a. m. On the same day at about two p. m., on the reconvening of court, the judge made his first recharge to the jury. At six o'clock p. m. on the same date the judge recharged the jury a second time. At ten o'clock the next day he recharged the third time. No request for instructions had been made at any time by the jury.

Relatively to the three recharges, the following occurred: Court: "Mr. Foreman and gentlemen, I understand you have been unable to reach a verdict. Is it a question of law or a question of fact that is troubling you?" Foreman: "Facts, your Honor." Court: "A question of fact?" Foreman: "Yes, sir." Court: "Without . . I might be able to help and assist you; what is it you are arguing about in your room in reference to questions of fact?" Foreman: "The main question is just your last charge, part of the last, if you will read that to us." Court: "What is it in reference to? I want to clarify the trouble if I can and save my going over the same thing." Foreman: "It was in reference to intoxicating—"

Court: [first recharge] "I give you in charge, gentlemen, section 448 of Michie's Penal Code, subsection 20: In all prosecutions against any person for manufacturing, selling, offering for sale, keeping or having or otherwise disposing of prohibited liquors and beverages, or for any one of said acts, it shall be competent for the State to give in evidence the fact that the beverage which the evidence may tend to show the defendant had manufactured, sold, bartered, exchanged, furnished, given away or otherwise disposed of, possessed or possesses the same color, odor, and general appearance, or the same taste, color, and general appearance of a prohibited liquor or beverage, such as whisky, rum, gin, ale, porter, beer and other prohibited liquor or beverage, and the fact that the beverage in question is of the same color, odor, and general appearance, or same taste, color, and general appearance as beer, shall constitute prima facie evidence that the beverage is beer or a malt liquor or

substitute; and the like rule of evidence shall apply in respect to whisky and the other beverages named; and in the event the defendant claims the beverage in question is not within the inhibition of the statute when it possesses the same color, odor and general appearance, or the same taste, color and general appearance as a prohibited liquor or beverage, such as whisky, beer, or other beverages named, the burden of proof shall be upon him to establish to the reasonable satisfaction of the judge, court or jury trying the case, that the beverage in question is not within the inhibition of the statute, and that it is a beverage not prohibited by the said statute to be manufactured, sold, offered for sale or otherwise disposed of. In this connection, gentlemen, I charge you that if you find the defendant was in the possession of a beverage, and that the State has either proved that it had the same color, odor, or general appearance as beer, or that it had the same taste, color, and general appearance as beer, if you find that has been proved by the State, then the burden would be shifted to the defendant in the case to establish to your reasonable satisfaction that it was not a prohibited liquor. Any thing else?" Foreman: "No, sir." Court: "Show them back out."

Second recharge by the court.

Court: "Mr. Foreman and gentlemen, I understand you have not been able to reach a verdict; is that correct?" Foreman: "Yes, sir." Court: "Can the court be of any assistance to you, gentlemen, in this case?" Foreman: "I think not, judge." Court: "Mr. Foreman, without saying, and I don't want you to call the name of any juror, or anything of the kind, what is the discussion between you in your jury room?" Foreman: "The main question is that the beer is not intoxicating." Court: "Gentlemen, that has nothing whatever to do with it, whether it is intoxicating or not intoxicating. That is not a question and not an issue for you to pass upon in this case. The sole question is the one that has been submitted to you, and under your oaths you pass on that according to the evidence in the case and nothing else whatever. Show them back."

Third recharge by the court.

Court: "Mr. Foreman and gentlemen, I understand you have not been able to reach a verdict; is that correct?" Foreman: "Yes, sir." Court: "Is it questions of law, or questions of fact?"

Foreman: "I don't think it is either, judge." Court: "What question is it the jury is discussing among themselves—not as to the names of the jurors, but as to the questions; what are the questions?" Foreman: "Would it be fair to ask a member of our jury, or members, if they don't have it like the others, to ask them what it is . . ." Court: "What is that?" Foreman: "I say would it be fair to ask a member of the jury what it is?" Court: "No, if you will just tell what the discussion is." Foreman: "Well, the jurors admit it looks like beer, but don't think it has got the alcoholic content to make them drunk." Court: "Mr. Foreman and gentlemen, for the second time I charge you that whether or not the beverage is intoxicating or not, whether it has any alcohol in it or not, is not a question for your determination. Gentlemen, permit me to remind you that when you went in the box you were put on your voir dire as to your qualifications as a juror, and you took an oath on top of that to render a verdict according to the evidence in the case and the law given you in charge by the court, and to determine the guilt or innocence of the defendant as set forth in the indictment. You look to the evidence in this case, and if you find that the State has proven that the defendant had in his possession, custody, or control a beverage of the same color and odor and general appearance as beer, if you find either one of these things to be true, I charge you that he would be guilty on the second count of the indictment. I don't want to be misunderstood, gentlemen, but it is not right or proper for any jury to go outside the evidence in the case and the charge of the court, because, as stated, under your oaths you will render a verdict, and find the truth of the transaction on nothing more than the issues as submitted to you—those are the sole issues for your determination."

In this case the defendant introduced no evidence and made no statement. There were no admissions on the part of the defendant, and by his plea of not guilty he put in issue every material allegation in the indictment. *Phillips* v. *State*, 131 *Ga.* 426 (62 S. E. 239). In criminal cases, the weight of authority being that if a fact constituting an essential element of the crime is not admitted by the defendant, and, so, is in dispute by reason of the plea of not guilty, the court can not assume its existence, although the testimony to establish it is without contradiction; the theory of this rule being that the jury have the right to disbelieve the evidence

adduced to establish such fact.  *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (5) (58 S. E. 67) ; *Cooper* v. *State,* 2 *Ga. App.* 730 (59 S. E. 20).  "It is the duty of the judge to declare to the jury what the law is, with its exceptions and qualifications; and then to state hypothetically that if certain facts which constitute the offense are proved to their satisfaction, they will [be authorized to] find the defendant guilty; otherwise, they will acquit him." *Keener* v. *State,* 18 *Ga.* 194, 230 (63 Am. D. 269) ; *Bryan* v. *State,* 40 *Ga.* 688, 697.  In the case of *Blumenthal* v. *State,* 121 *Ga.* 477, 478 (49 S. E. 597), Justice Lamar said, that, "for the purpose of making a helpful charge, he [the judge] may define what are the constituent elements of the offense named in the indictment, and thereupon instruct the jury that if they find from the evidence that facts constituting these named elements have been established beyond a reasonable doubt, they may return a verdict of guilty.  But the Civil Code, § 4334, prohibits the use of any language which even intimates the court's opinion as to what has or has not been proved as to these elements or by them."  By referring to section 1058 of the Penal Code, it will be observed that one of the prohibitions in the section is that the judge shall not intimate an opinion as to what has been proved by the facts constituting the elements of the offense; nor can he charge the jury so as to intimate his opinion that the accused is guilty in that the State has proven the essential elements of the offense.  Speaking for the court in *Musgrove* v. *State,* 5 *Ga. App.* 467, 471 (63 S. E. 538), Judge Russell said:  "The practice of recharging the jury upon some particular point in issue in the case, where no request for instruction upon that point is made by them, should be most cautiously indulged, and can rarely be approved where the principle to which the jury is thus specially directed has already been presented in the original charge of the court.  The natural tendency of calling the attention of the jury specially to a certain legal principle upon which the case of one of the parties may especially depend is to magnify in the eyes of the jury any evidence adduced which is pertinent to that particular principle, and to stress the contention of one party, who may have relied upon it, to the manifest injury of the opposite party.  Of course, what is now said has no application to those instances where the judge, by oversight, may have omitted in the first instance to instruct the jury upon some principle per-

tinent to the issues, or where, upon reflection, he becomes convinced that his prior instructions upon any point were erroneous; in which event he should recall the jury and explain and retract the error." In Randall on Instructions to Juries, page 755, section 420, it is said that "a repetition of a proposition in different instructions may be of such a character as to be in the nature of an argument. However, an instruction is not argumentative merely because it contains unnecessary repetition."

Taking into consideration that no request for additional instructions had been made at any time by the jury, the fact that the points covered by the three recharges had already been presented in the original charge, the circumstances under which the three recharges were given, the character and the number of repetitions of the same idea in them, in so many different and impressive ways, they bear and assume the character of an argument in favor of the State, and are not correct practice. I think they were well calculated to impress the jury with the thought that the court was against the accused on the question of fact, and that the jury might thereby be readily misled to believe that, in the opinion of the court, they should find the defendant guilty. I can not escape the conclusion that the natural effect of the recharges must have been to no longer leave the minds of the jury open to be operated upon by the convincing power of the evidence, and by that alone, in that the court's recharges, in the light of the entire context, and the facts and circumstances of this case, intimated what verdict the judge thought was proper. See, in this connection, *Yancy* v. *State*, 173 *Ga.* 685, 692 (160 S. E. 867). Section 1058 of the Penal Code of 1910 renders the grant of a new trial imperative, without reference to the correctness of the verdict. *Sanders* v. *Nicolson*, 101 *Ga.* 739 (3) (28 S. E. 967) ; *Phillips* v. *Williams*, 39 *Ga.* 597; *Goolsby* v. *State*, 148 *Ga.* 474 (97 S. E. 73).