## 26616. MARTIN v. THE STATE.

DECIDED FEBRUARY 17, 1938.

*John H. Hudson, E. C. Hudson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

MacIntyre, J. The accused Martin was convicted of the crime of larceny from the house. He filed a motion for new trial which was overruled and he excepted.

Special ground 1 of the amended motion for new trial complains that the court erred in charging the jury: "Now gentlemen, if you believe beyond a reasonable doubt that this defendant, J. D. Martin, in the County of Fulton and State of Georgia, at any time within four years prior to the date of the finding and the return of this bill of indictment by the grand jury, did, singly or in company with another, acting with a common intent and purpose to commit a larceny as charged in this indictment, did induce the one named in this indictment as the owner of the money to go with him to a house as alleged in this indictment, for the purpose of enabling this defendant and another to obtain possession of money that belonged to the one named in this indictment as the owner, with the intent and purpose of getting the money into their possession for the purpose of enabling them to carry it away with intent to steal, and if you should believe that they did, in

company with the named owner of this money, go to the house named in this indictment, and there, by trick or fraud, get possession of the money of the one alleged to be the owner, as set out in this indictment, and if you should believe that after getting possession of it, through trick or fraud, they did carry it away from the house with intent to steal it, as alleged in this indictment, then, in that event, you would be authorized to find the defendant guilty of larceny from the house as charged, regardless of which one of the two may have carried the money away from the house." The defendant complains that the court erred in failing to define the offense of larceny from the house for which the defendant was on trial, and by reason of the court's failure to define larceny from the house, to wit: "Larceny from the house is the breaking or entering any house with the intent to steal, or, after breaking or entering said house, stealing therefrom anything of value," Code, § 26-2629, and as a result of such failure, the jury did not have sufficient instructions to guide them in arriving at a verdict in this case; or, in other words, they did not know what the legal definition of larceny from the house was, or how to legally determine the guilt or innocence of the defendant. The defendant seems to think that it is necessary to charge the definition in the abstract, whereas the court in the instant case charged the jury with reference to the concrete, *Blumenthal* v. *State,* supra. The court in this case charged the jury and enumerated the acts and conduct constituting all of the essentials of larceny from the house, the offense charged in the indictment, and instructed the jury that if these be established by proof, such acts and conduct would be sufficient to authorize the conclusion that the defendant was guilty of larceny from the house. This is permissible. See *Cox* v. *State,* 105 *Ga.* 610 (31 S. E. 650), *Thomas* v. *State,* 49 *Ga. App.* 484, 489 (176 S. E. 155). There was no request to charge, and if the defendant wanted the fuller or more abstract charge he should have so requested.

■ In the trial the State contended that the defendant Martin and the codefendant Barnes had come to see Keith, a cabinet maker, in connection with having constructed an article which was later used in the commission of the crime. Keith was put upon the stand as a witness for the State and had testified on the direct examination that the defendant Martin and another man, whose

name he did not· know at the time, came to see him. Thereafter, when Keith was turned over to the defendant's attorney for cross-examination, the following colloquy, as appears from the record, occurred: "Mr. Arnold: 'If the court please, if Mr. Barnes the codefendant, is in court, I would like this witness to see if he is the man who accompanied Mr. Martin.' Mr. Hudson: 'Your honor, we object to that; Mr. Barnes is not on trial.' The court: 'I see no objection, legally, to asking whether he is the man who was with this defendant.'" Mr. Barnes was then brought in and Keith thereupon testified: "That is the man from whom I received the order for the boards, and Mr. Martin was with the other man called Mr. Barnes. I didn't know either man at that time." The defendant contends in the second ground of the amended motion for new trial that, "the court ought not to have permitted this interruption of the cross-examination of Keith and a new trial should be granted to plaintiff in error on this ground." It seems that the court construed the objection as being on the ground that Barnes, not being on trial, should not be brought into the court for identification. This construction by the court being warranted, and the defendant not making his objection clear and specific, we do not think we should say that the court should have construed the objection as being on the ground of "interruption of the cross-examination," as contended in the amended motion for new trial. This ground is not meritorious.

■ In ground 3 of his amended motion for new trial, the defendant alleges that the court erred in failing to instruct the jury "as to" the defense of the defendant on trial, "in that" the court overlooked and ignored "the contention of the defendant in his statement to the jury . . that he did not steal this money; that this was the prosecuting witness's scheme to keep from returning the $100 which movant had deposited with Barnes in conjunction with the prosecuting witness . ." It is the general rule that in the absence of a timely written request for instruction thereon, the court is not bound to give in its charge the law of a theory which arises solely from the statement of the defendant. *Gore* v. *State,* 162 *Ga.* 267 (2, 6, 7) (134 S. E. 36); *Hardin* v. *State,* 107 *Ga.* 718, 721 (33 S. E. 700). The judge after instructing the jury as quoted in division 1 of this opinion, subsequently charged the principle of reasonable doubt, and: "If you should entertain a

reasonable doubt as to whether he is guilty it would be your duty to give him the benefit of the doubt and acquit." The judge also gave a fair charge on the defendant's statement, and that the "jurors may believe it in preference to the sworn testimony in the case." We see nothing in this case to take it out of the general rule stated in this division of the opinion.

The evidence authorized a finding by the jury that the defendant Martin was a co-conspirator and accomplice of Barnes in the committing of the offense of larceny from the house. The evidence supports the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*