### 30380. ELMORE *v.* THE STATE.

DECIDED FEBRUARY 24, 1944. REHEARING DENIED MARCH 24, 1944.

*George L. Sabados, Howell Cobb,* for plaintiff in error.
*Maston O'Neal, solicitor-general,* contra.

MacIntyre, J. ■ The court instructed the jury, in part, as follows: "I charge you, gentlemen, in this case, that one can not create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such person to do so. Nevertheless, one who provokes a difficulty may yet defend himself against violence on the part of the one provoked,

if the violence be disproportionate to the seriousness of the provocation or greater in degree than the law recognizes as justifiable under the circumstances." The defendant excepted to this excerpt on the ground that "it intimated and expressed to the jury, in the language couched, especially by the use of the words, 'in this case,' the idea that perhaps the court was charging that the defendant, 'in this case,' had provoked the assault." It seems to us that the judge was declaring the law applicable to a given state of facts, and was not expressing or intimating his opinion as to whether any of the facts referred to did or did not exist. *Olliff* v. *Howard,* 33 *Ga. App.* 778, 782 (127 S. E. 821); *Cammons* v. *State,* 59 *Ga. App.* 759, 762 (2 S. E. 2d, 205); *Thomas* v. *State,* 49 *Ga. App.* 484, 489 (176 S. E. 155). He was merely stating a principle of law in the abstract that applied to any and every "one," whether that "one" be the defendant or any other person. *Croker* v. *State,* 57 *Ga. App.* 895 (3) (197 S. E. 92); *Daniels* v. *State,* 58 *Ga. App.* 599 (13), 612 (199 S. E. 572). The excerpt complained of does not violate the Code, § 81-1104, which states that it is error for any judge to express or intimate his opinion as to what has or has not been proved in his charge to the jury. "No proposition of law can be laid down without some implication of a state of facts as by possibility existing." *Yarborough* v. *State,* 86 *Ga.* 396, 398 (12 S. E. 650). There is no merit in the exception here urged.

■ Under the evidence, viewed in the light most favorable to the State, the jury was authorized to find that the prosecutor, Palmer, was a bus driver for the Dougherty Transportation Company, which operates buses between Albany, Georgia, and Turner Field; that two negro soldiers got on the bus, and some controversy arose about the payment of their fares; that they used profanity and were so noisy that the bus driver told them that he would have to put them off; that when he went back "to quiet them or put them off, they said something about getting him when they got to the Field; that the driver then went back, offered to return their money, and told them to get off and catch the next bus; that as he started back there, this defendant stood up and blocked his way to the other two negro soldiers and told him that he was not going to put anybody off; that the driver had his blackjack out, and the defendant had his knife in his hand; that he told the driver if he would put up his blackjack, he would put up his knife; that

at the time the bus driver hit the defendant with the blackjack, "the defendant had his knife out in his hand and opened, and the defendant's hand was coming toward him; however, he hit the defendant with the blackjack immediately before the defendant cut him with the knife [in other words, according to common parlance, the prosecutor " 'beat him to the punch]; '" that the knife struck the prosecutor "about two inches above the eye on the right side of the face and below the eye and on down about three inches, and on down his chest; that the defendant struck him twice and the driver went out of the bus to get help." The police officer, who arrested the defendant in response to the call of the driver, testified in part "that the defendant had a quart of whiskey rolled up in his rain coat, but the seal on the bottle had not been broken; that the defendant was drinking but not drunk; but that he was pretty full." There was also evidence that there were some WAC soldiers on the bus. According to the defendant's statement, he was justified, and there was some evidence by other witnesses to corroborate him. In his statement, he said, among other things, that he was a southern negro from Mississippi; that he had worked in a hotel there for a number of years; and that he had never had any trouble with any white people. This put his character in issue. The State then put a police officer from the City of Albany on the stand, and he testified "that on one occasion he arrested Elmore [the defendant] in Albany and charged him with [being] drunk and resisting an officer;" that he was the officer whom the defendant resisted; and that the defendant was tried in the recorder's court and fined fifteen dollars.

. The jury seems to have accepted the evidence for the State in preference to the defendant's statement and the testimony of his witnesses. This they had a right to do, and we think that the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*