## 45698. TUTT v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for involuntary manslaughter and from the denial of his motion for new trial.

Defendant was indicted for killing in the commission of an unlawful act—specifically, driving under the influence of alcohol and driving at a speed greater than 60 mph when the lawful speed at the time and place was 50 mph. The sole issue here is whether the trial court erred in charging "that the legal speed limit at the time and place of this occurrence was fifty miles per hour." Defendant contends that the court stated the speed limit as an established fact when the evidence on the subject was in conflict.

*Code Ann.* § 68-1626 (b)(2) fixes a speed limit for open highways of 60 mph in the hours from one-half hour before sunrise to one-half hour after sunset (50 mph all other times). The alleged manslaughter occurred in Lincolnton on July 4, 1969. The United States Naval Observatory certifies sunset at that time and place at 8:44 p.m. EDT, which would set the speed limit change-over at 9:14 p.m. The testimony concerning the time of the occurrence is vague and conflicting, ranging from 8 to 9:30 p.m. (though all witnesses seemed to agree it was dark or close to it). Testimony concerning defendant's speed varied from 55 to 65 mph.

With the testimony on the time of the occurrence in conflict, the speed limit was not an established fact. In charging that it was 50 mph, the court expressed an opinion that it had been proved. This requires a mandatory reversal and new trial under *Code* § 81-1104. See *Blumenthal v. State,* 121 Ga. 477 (49 SE 597); *Mitchell v. State,* 89 Ga. App. 80 (78 SE2d 563).

*Judgment reversed. Deen and Evans, JJ., concur.*

SUBMITTED OCTOBER 7, 1970—DECIDED OCTOBER 21, 1970.

*Lawson E. Thompson,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.