52467, 52498. LUNDY v. THE STATE (two cases).

Quillian, Judge.

Defendant appeals his conviction for the unlawful sale of heroin to an undercover police detective in

violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8; Ga. L. 1974, p. 221 et seq.). *Held:*

1. The defendant contends that the trial court erred in failing to comply with his "timely motion for discovery and inspection and production of evidence favorable to the accused." We do not agree.

An undercover police detective sought out a person known to him only by the alias of "Babe." He had seen "Babe" on "two to three occasions" before the day he was to attempt a purchase of heroin. He saw "Babe" across the street, recognized him, and asked him "if he was straight . . . [meaning] if he . . . had anything he wanted to sell." The detective purchased two "decks" of heroin for $10. As this was a continuing plan to seek out all drug pushers and the detective did not want his identity known at that time, action was delayed on arresting the defendant. "Two or three weeks later" at police headquarters, the detective was shown "approximately ten photographs" for the purpose of determining the correct name of the person known as "Babe." The detective identified the photograph of the defendant.

Prior to trial, counsel for defendant filed a "Motion for Discovery and Inspection and Production of Evidence Favorable to the Accused." The certificate of service shows opposing counsel was served with a copy. The attached rule nisi and acknowledgment of service were not filled in. Defendant's counsel visited the assistant district attorney in his office and was shown the complete file. The file did not contain the photographs presented to the undercover detective when he attempted to determine the name of defendant. At the time of the inspection of the prosecution's file defendant's counsel was asked: "[D]oes that satisfy your motion?" Counsel said that it did. Thus defendant's counsel did not ask for a hearing on his motion and it was never ruled upon by the court.

The assistant district attorney was advised on the morning of the trial of the procedure followed to determine the name of defendant. When the information came to light during the trial defendant asked the court "to dismiss the present proceedings until the hearing can be held on the lineup and pictures shown to" the undercover detective. Defendant asserted that if he had

known this information it would have allowed him "to question the identity because now what he has done is place my man on a one-to-one situation. I think the evidence possibly could have been favorable to the accused and it was purposely suppressed by the State." The defendant's motion was denied.

We find no evidence of purposeful suppression by the state. Neither can we determine how such evidence could be favorable to the defendant. The identity of defendant was not in question. Only his name was unknown. The undercover detective had seen and recognized "Babe" on several occasions. This was not a "lineup" or a "showup." Its sole purpose was to discover the name of a known drug seller. Whether the detective was shown one or one hundred photographs of completely dissimilar persons is immaterial in determining the name of an identified person known only by his alias.

There is no Georgia statute or rule of practice which allows discovery in criminal cases (*Chenault v. State,* 234 Ga. 216 (215 SE2d 223)), nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against a defendant. *Nations v. State,* 234 Ga. 709 (217 SE2d 287). However, Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), has established a rule of law which holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U. S. 87.

We find no prejudice to the defendant in the procedure followed for a number of reasons. First, there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." Moore v. Illinois, 408 U. S. 786, 795 (92 SC 2562, 33 LE2d 706) (1972); *Pass v. State,* 227 Ga. 730 (12) (182 SE2d 779). Second, there was no knowing suppression of any false testimony or evidence condemned by Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217) (1959). Third, pretermitting the question of good or bad faith (Brady v. Maryland, 373 U. S. 83, 87; see also Barbee v. Warden, 331 F2d 842, 846

(4th Cir. 1964)), even if there had been a suppression of evidence defendant would still have the burden of showing that the denial of these photographs to him "so impaired his defense that he was denied a fair trial within the meaning of the Brady rule." *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244); United States v. White, 450 F2d 264 (5th Cir. 1971), cert. den. 405 U. S. 1072. This — he failed to prove on appeal. Fourth, in the U. S. Supreme Court's most recent treatment of a discovery issue, United States v. Agurs, —— U. S. ——, 19 Cr. L. 3159 (June 6, 1976), they reviewed their earlier cases noting, "[i]n those cases the Court has applied a strict standard of materiality. . . Implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial. . . The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense. . . It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means the omission must be evaluated in the context of the entire record. . .*If there is no reasonable doubt about guilt, whether or not the additional evidence is considered, there is no justification for a new trial."* (Emphasis supplied.) We have no doubt as to defendant's guilt and the additional evidence would not have affected the outcome of the trial nor have created a doubt as to defendant's guilt.

In Moore v. Illinois, 408 U. S. 786, supra, among the items not produced after a demand by the defendant, was a photograph of the defendant which was shown to. a government witness to determine whether that witness could identify a person known to him by the alias of "Slick." The witness identified the photograph of a person other than defendant as "the 'Slick' I know." There the court held that "[t]hese evidentiary items are not material under the standard of Brady." 408 U. S. at 786. We find Moore controlling as to the instant case. The photographs not shown to defendant's counsel do not serve to impeach in any way the positive identification of defendant by the government witness. Moore v. Illinois,

408 U. S. 786, 796, supra. There is no merit to this enumeration of error.

2. The court charged the jury on the meaning of the Georgia Controlled Substances Act. Defendant did not object nor request additional instructions but now contends that the failure of the court to define the words "controlled substance" and what "exceptions" would exempt a defendant from the statute was error.

"While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207), this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397); *Welch v. State,* 130 Ga. App. 18 (5) (202 SE2d 223).

As to defendant's contention that the court failed to define what "exceptions" might exempt him from the statute, suffice it to say that defendant testified that he was not a drug seller, he never met the undercover police detective, nor did he sell him anything. Defendant has advanced no theory how he might come under an exception to the unlawful sale statute if he did not sell the narcotics to the detective. Accordingly, even if it was error to fail to charge on the exceptions it could not have harmed the defendant who testified he took no part in the sale. United States v. Register, 496 F2d 1072 (5th Cir. 1974), cert. den. 419 U. S. 1120; United States v. Williamson, 482 F2d 508 (5th Cir. 1973).

The court charged the jury on the acts of the accused and the words of the statute proscribing the sale of a controlled substance. Code Ann. § 79A-811 (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113). This is a sufficient and correct charge, and in the absence of a request for further elaboration, we find no prejudice to the defendant. *Martin v. State,* 57 Ga. App. 346 (1) (195 SE 313); *West v. State,* 74 Ga. App. 453, 458 (40 SE2d 156); *Stone v. State,* 78 Ga.

App. 555, 557 (51 SE2d 578); *Caldwell v. State,* 82 Ga. App. 480 (3) (61 SE2d 543).

*Judgments affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 10, 1976.

James E. Lundy, *pro se* (case no. 52467).

*Robert C. Ray,* for appellant (case no. 52498).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.