## 63753. MASON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for armed robbery. *Held:*

1. Prior to trial, the defendant made a "motion for discovery, inspection and production of evidence favorable to the accused," i.e. — a "general" Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)). During the trial it appeared that the two eyewitnesses, who identified the defendant at the trial and prior thereto from a photographic display, had been unable to identify a second suspect (there were two participants in the armed robbery) from another photographic display shown them. Counsel for the defendant moved for a mistrial on the ground that the inability of the witnesses to identify the second suspect was material, exculpatory evidence which should have been disclosed by the prosecution prior to trial in response to defendant's Brady motion. The motion for mistrial was overruled.

Under circumstances of this sort, the burden rests on the accused to demonstrate that the evidence purportedly withheld from him "so impaired his defense that he was denied a fair trial within the meaning of the Brady rule." *Wisdom v. State,* 234 Ga. 650, 652 (217 SE2d 244). Accord, *Potts v. State,* 241 Ga. 67, 74 (243 SE2d 510). Moreover, the evidence must be material either to the issue of guilt or punishment. ". . . [I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial . . . The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the Constitutional sense . . ." United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342). Accord, *Lundy v. State,* 139 Ga. App. 536, 539 (228 SE2d 717).

Here the evidence was not exculpatory in the normal sense and at most would relate tangentially to the credibility of the two witnesses. However, defense counsel had ample opportunity to test credibility in this respect by cross-examination. Hence, any failure to disclose such evidence in response to a general Brady motion did not serve to deprive the defendant of a fair trial. It was not error to overrule defendant's motion.

2. Although not argued, we have considered the sufficiency of the evidence and hold that a rational trier of fact could have found proof of defendant's guilt beyond a reasonable doubt.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1982.

*Alden W. Snead,* for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.