PHERIBE J. BASS, executrix, plaintiff in error, *vs.* JAMES A. BASS, administrator, *et al.*, defendants in error.

1. When the maker of a deed files a bill to reform or cancel it and dies *pendente lite*, his will is not competent evidence for his legal representative to support the allegations in the bill, or for any purpose which seeks to obtain the decree prayed for.

2. An instrument containing all the terms and provisions of a deed, is not rendered testamentary by a clause that the maker and his wife "are to have the use, benefit and control, of said land for and during our natural lives."

3. Though discovery be waived, it is not error in the court to permit the answers to be sworn to, even after the case was announced ready for trial, especially when the jury is charged that they are read only as pleadings and not as evidence.

4. A charge on an irrelevant point is not such error as to require the verdict to be set aside, provided the court, in connection with such charge, and in addition thereto, give the correct rule of law, and one which is, in fact, applicable to the case under the evidence.

5. We cannot say that the verdict was so contrary to the evidence as that the court abused its discretion in refusing a new trial.

Will. Evidence. Deed. Equity. Discovery. Charge of Court. New trial. Before Judge UNDERWOOD. Chattooga Superior Court. March Term, 1874.

Persons Bass filed his bill against James A. Bass, as administrator upon the estate of Joseph L. Bass, deceased, making the following case:

Prior to January 11th, 1867, complainant and wife were aged and infirm, and incapable of supporting themselves. His son, Joseph L. Bass, agreed to support his parents as long as they should live, in consideration of complainant's devising to him lot of land sixty-two, and one-half of lot sixty-one, in the sixth district and fourth section of Chattooga county. It was also agreed that said Joseph L. should purchase from complainant three acres, with the improvements thereon, in the same district and section, for a note on complainant for $200 00, held by said Joseph L., due January 1st, 1867, with a credit thereon of $29 00. In accordance with this understanding, as he supposed, complainant signed the following instrument:

"GEORGIA—Chattooga county:

"This indenture, made the 11th day of January, 1867, between Persons Bass, of said state and county, of the one part, and Joseph L. Bass, son of the said Persons Bass, of the same place, of the other part: Witnesseth, that the said Persons Bass, for and in consideration of the sum of $200 00 cash in hand paid, the receipt whereof is hereby acknowledged, and for and in consideration of the natural love and affection which he has and bears to his said son, hath given, granted and conveyed, and doth by these presents give, grant and convey, to the said Joseph L. Bass, his heirs and assigns, the following tracts or parcels of land, situate, lying and being in the sixth district and fourth section of said county, known by lot number sixty-two, and the north half of lot number sixty-one, and three acres of lot number eighty-four, lying on the west side of the main road leading from Summerville to Lafayette, so as to include the improvements where the gin-house stands, (said line to be established by the parties,) containing two hundred and forty-three acres in all, more or less. To have and to hold said tracts or parcels of land to him, the said Joseph L. Bass, his heirs and assigns, together with all and singular the rights, members and appurtenances thereof, to the same in any manner belonging, to his and their own proper use, benefit and behoof, forever in fee simple.   But I, the said Persons Bass, and my wife, Mary Bass, are to have the use, benefit and control of said land for and during our natural lives.   I also give my said son, J. L. Bass, one good feather bed and bedding, to be his separate and distinct property, aside from an equal share of the remainder of my property at my death.

"In testimony whereof the said Persons Bass hath hereunto set his hand and seal the day and year above written.

(Signed)            · "PERSONS BASS, [L. S.]

"Signed, sealed and delivered in presence of:

"J. L. Hawkins,

"H. D C. Edmondson, o. s. c."

Complainant's son, the said Joseph L., upon whom he implicitly relied in the premises, complainant being nearly blind and not at all on his guard in dealing with him, represented that the instrument aforesaid sufficiently effected the objects and purposes had in view. Joseph L. immediately went into possession of said three acres and the improvements thereon, but complainant remained in the possession and control of all the other lands named in said instrument. Joseph L. died in the year 1869, without having done anything for the support and maintenance of his said parents, and this providential act rendered it impossible for him to do anything for them in the future. Without the land set forth in said instrument, the three acres excepted, complainant and his said wife will not have sufficient means to support them during their lives. By mistake or accident in drafting the instrument aforesaid, it fails to carry out the intent of the parties thereto. Said writing expresses one consideration as applicable to all the land therein named, when, in fact, the note for $200 00, delivered up by said Joseph L., was the only consideration paid, and that was expressly understood to have been for the aforesaid three acres. It was only contemplated that the title to said three acres should then pass. Said instrument also reserves to complainant and his wife the use and benefit of all the land as long as they may live, while it was intended that said Joseph L., should go into immediate possession of said three acres, as he, in fact, did. Complainant is advised that it is a matter of grave doubt whether said instrument will not be construed to be a will, in its present condition, and therefore revocable at pleasure, and even void upon its face as having but two attesting witnesses. Yet it is a cloud upon his title, which prevents him disposing of his said property to advantage. Waiving discovery, complainant prays that said instrument may be reformed so as to speak the intention of the parties as heretofore indicated; that the writ of subpœna may issue.

Complainant having died pending litigation, his executrix, Pheribe J. Bass, was made a party in his stead. An order was

also passed by the chancellor making Sarah A. Bass, widow of Joseph L. Bass, and Addie G. Bass, his infant daughter, by her guardian *ad litem*, Samuel Hawkins, parties defenddant.

The defendant, James A. Bass, as administrator of Joseph L. Bass, deceased, answered, admitting, substantially, the allegations of the bill.

The defendant, Sarah A. Bass, answered, fixing the date of her marriage as November 12th, 1868; of the birth of her daughter, September 27th, 1869, and of the death of her husband, November 3d, 1869. She denied, in unequivocal terms, every equity set up in complainant's bill. Samuel Hawkins, as guardian for Addie G. Bass, in effect, adopted the answer of Sarah A. Bass.

In the course of the trial the complainant tendered in evidence the will of her testator, executed on May 28th, 1870, the second item of which was as follows: " I wish my property, which consists of lot of land known by number sixty-two, and the north half (or eighty acres) of lot sixty-one, in said county, sixth district and fourth section, to be sold by my executrix, at private sale, if she should think best, and the proceeds to be equally divided between my legal heirs."

This testimony was offered for the following purposes: 1st. To show that testator regarded the instrument made to his son, Joseph L. Bass, as a testamentary paper, and not a deed. 2d. To establish testator's desire to do equity to the only child of the said Joseph L., deceased.

Upon objection made, the will was excluded, and complainant excepted.

The evidence is omitted as unnecessary to an understanding of the opinion. The errors complained of will sufficiently appear from the motion for a new trial.

The jury found for the defendants. The complainant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in excluding the aforesaid will of Persons Bass.

2d Because the court erred in holding the instrument exe-

cuted on January 11th, 1867, to be a deed and not testamentary.

3d. Because the court erred in allowing the defendants, Sarah A. Bass, and Samuel Hawkins, guardian, after the case was announced ready for trial, to swear to their answers. (The court charged the jury that such answers were read to them as a part of the pleadings only, and not as evidence.)

4th. Because the court erred in giving the following charge to the jury, it being irrelevant: " If you find, from the proofs in the case that the instrument was made to Joseph L. Bass before his marriage, and that he afterwards married, and had a child born, the law casts the real estate upon the wife and child by descent. Marriage is a valuable consideration, and the wife and child take by descent as purchasers, and not by limitation, and in such a case, in order to correct an alleged mistake and reform the deed, the proof must be of the clearest, strongest and most decisive nature, and satisfactory. But if your minds are satisfied by clear, strong and decisive proof, you may correct the mistake, if any, and reform the deed, and make it speak the agreement according to the intention of the parties, in accordance with the evidence."

5th. Because the verdict was contrary to the law and the evidence.

The motion was overruled and complainant excepted.

Dunlap Scott; R. D. Harvey; C. A. Thornwell, for plaintiff in error.

Wright & Featherston; F. A. Kirby, for defendant.

Trippe, Judge.

1. Persons Bass, the maker of the deed, filed the bill in his lifetime, to cancel it. His representative, who is made a party complainant, offered in evidence at the trial the will of Bass, for the purpose of sustaining the charges contained in the bill, and to obtain the decree prayed for. The court rejected the will as evidence, and we think it was properly re-

jected. The case of *Nathan C. Munroe, executor, vs. N. C. and George C. Napier,* decided at the present term, had precisely the question in it that is involved in this point, and a similar decision was made in that case as is rendered in this. To rule the contrary would be to set up that a party to a cause may, by his declarations, if made by a will, procure a judgment to which he otherwise might not be entitled. See the reasons given in the decision of *Munroe vs. Napiers, supra.*

2. The terms of conveyance used in the instrument sought to be set aside are the technical terms of a deed. The fact that the grantor reserved to himself and wife " the use and control of the land for and during our natural lives," did not make the instrument testamentary : 3 *Kelly,* 460 ; 6 *Georgia,* 515, and numerous other decisions by this court.

3. It is claimed that the court erred in permitting the defendants to swear to their answers after the parties announced ready—especially as discovery was waived. This could not have damaged the complainant when the court charged the jury that the answers were not evidence, and could only be read as pleadings.

4. It is further complained that there was error in the charge of the court as to the interest which the wife and child of the grantee took in the land. The grantee was dead, and his administrator was a party. It was a matter totally irrelevant to the issue as to that question, and whether the court was right or wrong, does not affect the case, and could not have controlled the finding. For the court added to the charge what was the correct rule of law as to the evidence required, whether the administrator or the wife and child had been parties. The exception is on an immaterial point, and we cannot see how injury could result from the charge.

5. On a review of the case we cannot say that the verdict was contrary to the evidence, so as to make the refusal of the court to grant a new trial an abuse of discretion.

Judgment affirmed.