14095.  HIGGINBOTHAM v. CITY OF ROME.

Intoxication of the deceased, if it did not contribute to his death, would not affect the right to recover in an action for negligent homicide; and where, on the trial of such an action, there was evidence that the deceased was partly intoxicated shortly before the occurrence that resulted in his death, it was error for the court to fail to give this principle in charge to the jury, upon a timely written request so to do.

DECIDED APRIL 10, 1923.

Action for damages; from Floyd superior court — Judge Wright. November 14, 1922.

*Harris & Harris,* for plaintiff. *Max Meyerhardt,* for defendant.

LUKE, J. Vinnie Higginbotham seeks damages from the City of Rome for the homicide of her alleged husband, Tom Higginbotham, by reason of his coming in contact with a heavily charged electric wire at a point on a footpath, a short distance from a public street of that city. The jury returned a verdict for the defendant, and the case is here upon the usual general grounds and upon various special assignments of error complaining of the court's charge. The contentions of the litigants are fully set forth in the case of *Higginbotham* v. *City of Rome,* 24 *Ga. App.* 286 (100 S. E. 720), where it was held that the petition was good against a general demurrer, and it is unnecessary to detail them here. Nor is it necessary to go into the facts of the case. As the special grounds other than the one here considered are either without merit, or refer to matters not controlling or that are not likely to recur, we shall consider only the plaintiff's timely written request to charge as follows: "If the deceased, Tom Higginbotham, had been drinking at the time of his homicide, yet if the fact of his drinking did not contribute to his death, then you would not consider that in determining the liability of the city:"

Where in a damage suit for an alleged negligent homicide there is proof that deceased was partially intoxicated shortly before the occurrence that resulted in his death, it is error, upon a timely written request so to do, to fail to charge the principle that if such intoxication did not contribute to the homicide, it did not affect the plaintiff's right to recover. See *Central R. &c. Co.* v. *Phinazee,* 93 *Ga.* 488 (21 S. E. 66).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*