### 30634. METROPOLITAN LIFE INSURANCE CO. *v.* CROWDER.

DECIDED OCTOBER 7, 1944.

*Smith, Smith & Bloodworth, Croom Partridge;* for plaintiff in error.

*Bryan, Carter & Ansley, William F. Buchanan, Mary J. Payne,* contra.

PARKER, J.   Mrs. Lyde Walters Crowder obtained judgment against the Metropolitan Life Insurance Company in a suit on a policy of life insurance written by the company on the life of her husband, Thomas C. Crowder, in which she was the beneficiary. The policy was issued on April 20, 1942, and contained the following provisions:   "This policy shall be incontestable after it has been in force during the life-time of the insured for a period of one year from its date of issue, except for nonpayment of premiums. Subject to the foregoing provision, if within two years prior to the date of the issue of this policy, the insured has received institutional, hospital, medical, or surgical treatment or attention, and the insured or any claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this policy shall be voidable by the company either before or after any claim, unless reference to such institutional, hospital, medical, or surgical treatment or attention is endorsed on this policy by the company; provided, however, that this policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this policy.   If this policy is voided by the company, the company will return the premiums paid."

The evidence showed that the insured had received, within two years prior to the date of issue of the policy, "institutional, hospital, medical, or surgical treatment or attention," within the meaning of the policy provision, in that as a private in the United States Army he "was admitted to the station hospital, Aberdeen Proving Ground, Maryland, on October 17, 1941, with a history of gnawing epigastric pain of three weeks' duration. This pain was relieved by drinking milk. He stated that there were no previous gastro-intestinal symptoms.   Gastro-intestinal studies revealed a small niche demonstrable on the posterior wall of the duodenal cap. The stool was positive for occult blood.   Under treatment he improved and was discharged November 24, 1941, to duty.   Readmission was on December 4, 1941, for further treatment of peptic ulcer.   On December 5, 1941, he suffered an attack of strangulated hemorrhoids, which were excised.   Recovery from the operation was excellent, but epigastric pain continued.   He was discharged on a certificate of disability due to peptic ulcer, duodenal, on

February 16, 1942." No reference to the hospital, medical, or surgical treatment or attention received by the insured was endorsed on the policy, and the plaintiff did not contend or prove that any information relating to such treatment or attention was disclosed in a written application for the policy. To prevent an avoidance of the policy by the company the burden was on the plaintiff "to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk," as provided in the policy. This burden the plaintiff undertook to carry by introducing evidence tending to show that the condition of the insured, occasioning the hospital, medical, or surgical treatments or attentions, admittedly received by him, was not of a serious nature or was not material to the risk. Evidence introduced by the company tended to show that the insured's condition occasioning the treatments or attentions was of a serious nature or was material to the risk. It seems to us that the only questions before this court for decision are the sufficiency of the evidence to support the verdict in favor of the plaintiff, and whether the court erred in its charge to the jury as contended by the company. We will consider these questions in reverse order.

■ Special ground 4 of the motion is merely a renewal of the general grounds and requires no separate consideration. Ground 5 is as follows: "Because, as movant contends, the court erred in failing to instruct the jury, in substance, that if they found or believed that the insured had received hospital, medical, or surgical treatment or attention within two years prior to the issuance of the policy sued upon, and if they found that no reference to the fact of such treatment or attention was endorsed upon the policy, then and in that event the plaintiff could not recover, unless plaintiff carried the burden of showing, by a legal preponderance of the evidence, that the condition which occasioned such treatment or attention was not of a serious nature and was not material to the risk." There is no merit in this ground. The court charged the jury that the defendant "invokes a certain clause in the policy which I will read to you later and discuss with you later;" and later on in the charge the court read the policy provision invoked by the company and charged in connection therewith as follows: "As to the contention of the defendant on this subject that we are on now, I instruct you that even though you might believe or should

believe that the insured, Thomas C. Crowder, met his death by accidental means, that is, by being burned as a result of which he died; but if you believe further that within two years prior to the issuance of the policy the insured, Thomas C. Crowder, was suffering or afflicted with a disease or ailment of a serious nature —and the court leaves for you to determine what an ailment of a serious nature is—if you believe that he was suffering from an ailment of a serious nature within two years before the issuance of the policy, and if you believe that he failed to disclose the nature and character of the disease or ailment, the substance of it, and if you believe that such failure to disclose the nature and character of the serious ailment, if he had one, did in your opinion serve to enhance the risk originally entered into by the defendant company —if you believe those things—the plaintiff could not recover in this case, and your verdict ought to be for the defendant." In the absence of a request for a fuller charge on this subject, and considered along with the whole charge, in which other references to the defense invoked are made, we find no error in this ground of the motion. A judge may charge legal principles applicable either abstractly or concretely. *Martin* v. *State,* 57 *Ga. App.* 346 (195 S. E. 313); *Blumenthal* v. *State,* 121 *Ga.* 477 (49 S. E. 597). Special ground 6 is substantially the same as ground 5, and is covered by the ruling thereon. Neither the 7th special ground, which complains of the charge relating to the double-indemnity provision in the policy, nor the 8th ground, complaining of the charge on the subject of sound health and what constitutes a serious disease or bodily ailment, when considered in connection with the charge as a whole, shows error. Ground 9 is similar in substance to grounds 5 and 6, and the ruling respecting them applies to it also.

2. Provisions similar to the one involved in this case have been upheld by this court in several cases. See *National Life & Accident Ins. Co.* v. *Harris,* 64 *Ga. App.* 136 (12 S. E. 2d, 419); *Metropolitan Life Ins. Co.* v. *Cridelle,* 68 *Ga. App.* 353 (22 S. E. 2d, 771); and *Metropolitan Life Ins. Co.* v. *Rowe,* 69 *Ga. App.* 192 (24 S. E. 2d, 826). In each of these cited cases a recovery by the plaintiff was reversed by this court, but there was in each of them a causal connection between the disease, with which the insured was suffering and for which he had been treated before the policy was

written, and the cause of the death, which is not true in the instant case. In the *Harris* case the insured had pellagra and died of such disease. In the *Cridelle* case the insured had a cancer from which he died. In the *Rowe* case the insured had been treated for varicose ulcer, hypertension, and nephritis, and it appeared from the evidence that one or more of these diseases could have been a cause of coronary occlusion or thrombosis, from which the insured died. In each of these cases this court recognized the right of the plaintiff to show that the disease or diseases occasioning or requiring the hospital, medical, or surgical treatments were not of a serious nature or were not material to the risk. The decision in each of the cases was predicated upon the failure of the insured to carry the burden imposed upon him by the policy provision after it appeared that he had received, within the time limited by the policy, hospital, medical, or surgical treatment or attention.

It appears from the evidence in this case that a peptic ulcer is a small ulcer on the stomach, either on the anterior or posterior wall; and that the insured in this case had such an ulcer on the duodenum, that part of the small intestine joined to the lower portion of the stomach; that having such ulcers is a common condition, seventy-five per cent. or more of the cases responding to treatment and becoming well; and that "it is not necessarily recognized as a serious disease" in medicine. The disease could have a tendency to shorten life, but one witness, a highly reputable physician, testified that he did not know it would have that tendency if a patient continued on a diet and treatment. It also appeared from the evidence that plain hemorrhoids was not a serious disease, and did not tend to shorten life; that strangulated hemorrhoids, the protusion of the hemorrhoid veins through the rectum, for which the insured received surgical attention, did not have a tendency to shorten life, and as a rule, are not serious after being operated upon, and whether or not a serious disease, depended on the type; that malignant hemorrhoids, cancer, could be serious. The general condition of the health of the insured, just prior to his accidental death caused by burns from the explosion of a gas stove, seemed to be good, and he did not complain to his wife about anything, according to the evidence. There was no evidence tending in any degree to show that the diseases for which the insured was treated contributed in any way to his death. We have not under-

taken to set out all of the evidence dealing at some length with the nature, causes, symptoms, and treatments of the diseases, of the insured, but have summarized briefly enough of the testimony to support, in our judgment, the verdict of the jury in favor of the plaintiff. We think there was sufficient evidence to authorize the jury to find that the plaintiff carried the burden of showing that the condition occasioning the treatment or attention received by the insured was not of a serious nature and was not material to the risk; and no error of law appearing, this court is not authorized to disturb the verdict.

We have considered the case of *Preston* v. *National Life & Accident Ins. Co.,* 196 *Ga.* 217 (26 S. E. 2d, 439, 148 A. L. R. 897), relied on by the plaintiff in error. Our ruling herein is not in conflict with that case, as it dealt with the question of material misrepresentations contained in an application for an insurance policy, and not with the construction and application of the evidence to the provision invoked in this case.

*Judgment affirmed. Sutton, P. J., concurs. Felton, J., concurs in the judgment only.*