31908.   SPALDING LUMBER COMPANY *v.* HEMPHILL.

DECIDED APRIL 10, 1948.   REHEARING DENIED APRIL 29, 1948.

*Andrews & Nall, Stanley P. Meyerson, John E. Simpson,* for plaintiff in error.

*Christopher & Futral,* contra.

PARKER, J.  Mrs. E. W. Hemphill sued Spalding Lumber Company for damages for injuries to her person and property, growing out of a collision between an automobile owned and driven by her and a truck of the defendant driven by its employee and servant.  The petition alleged in substance, and the evidence tended to show: that the plaintiff was driving her automobile south on a street in the City of Griffin; that she turned to the left and into a private driveway leading from the street for the purpose of turning around and proceeding north on the same street; that, when the plaintiff pulled her automobile into the driveway, she stopped and put the gears in reverse and backed out into the street; that she was in the process of starting to drive

north up the street when she observed more than a block away the truck of the defendant coming south; that the plaintiff, observing the manner and speed at which the truck was approaching, started to pull her car back into the driveway; that as she did so the driver of the truck crossed over and onto his left side of the street, on which the plaintiff's automobile was, and hit the rear of it; that the plaintiff was thrown out of her automobile and was run over by the defendant's truck; and that she received as a result thereof certain physical and bodily injuries. It was alleged that the defendant was negligent, in operating its truck at "the dangerous and reckless rate of speed of more than fifty miles per hour within the city limits of the City of Griffin," and "in operating said truck over and upon the left side of said street, and [in] running said truck into the automobile in which petitioner was riding." The defendant answered, denying the material allegations of the petition, and alleged that the plaintiff was negligent in the operation of her automobile in certain particulars, and that its truck driver turned to the left in an effort to go in front of the plaintiff's automobile because of the sudden emergency created by the plaintiff in backing out into the street in front of the truck. The jury returned a verdict for the plaintiff. The defendant made a motion for new trial on the general grounds, and amended it by the addition of two special grounds. The court overruled the motion and the defendant excepted.

■ Special ground 4 of the motion complains of the following charge: "The plaintiff alleges further, gentlemen of the jury, that the driving of the defendant's truck on the left-hand side of the street at the time and place in question was also an act of negligence, and in that connection I charge you that the State law requires every person driving a motor vehicle upon the roads or highways of this State to drive as far to the right as humanly possible in order that traffic may pass without interference." The defendant contends that this charge was not sound as an abstract principle of law, that it placed a greater burden on the defendant than the law imposed upon him, in that he was merely required to exercise ordinary care, and, in meeting another to turn to the right of the center line of the highway, so as to pass without interference. The plaintiff contends that the charge, if error, was harmless, in that it did not deal with a material issue

in the case, and applied with equal force to both parties, and was qualified and explained in other parts of the charge and cured by the charge as a whole. We think that the charge was an inaccurate and incorrect statement of the law requiring an operator of a vehicle, in meeting another vehicle coming from the opposite direction on the same highway, to turn to the right of the center of the highway, so as to pass without interference (Code, § 68-303c). This does not mean, however, that the charge was necessarily harmful. Whether or not the charge was harmful, presents a more difficult question. To charge the law incorrectly on a material issue, which is harmful or calculated to harm the complaining party, is error requiring a new trial; but an incorrect charge, or a charge on an immaterial point which is not harmful, does not require a new trial.

The plaintiff alleged that the defendant was negligent in operating its truck "over and upon the left side of said street and running said truck into the automobile in which petitioner was riding." That allegation was denied by the defendant, which alleged that an emergency was created when the plaintiff backed her car into the street and into the path of the oncoming truck, which emergency called for a prompt decision and immediate action by the driver of the truck, and "that in the exercise of his best judgment said driver turned to the left in an effort to go in front of plaintiff's automobile." The evidence of both parties showed that the plaintiff did back her car from a driveway into the street, and that she tried to drive back into the driveway as the truck approached, and that the truck crossed over the center of the highway to the left side of the street where the collision occurred. It was not contended by either party or shown by the evidence of either party that the collision occurred because of the failure of the truck driver to turn to the right of the center of the highway, as far as was humanly possible. It is clear that the collision was brought about by reason of the effort of the truck driver to pass the plaintiff's car on the left side of the street. The court properly instructed the jury later on in the charge that, if the truck driver turned to the left to avoid a collision, when the automobile of the plaintiff back suddenly and unexpectedly into the street in front of the truck, that such action on the part of the truck driver would not be a violation of the rule of the road re-

quiring drivers of meeting vehicles each to turn to the right of the center of the highway so as to pass without interference, and "in that event a recovery could not be had by the plaintiff against the defendant on account of the alleged violation of said rule of the road." It is conceded by counsel for both parties that this last charge on emergency presented in proper language the correct rule of law as applied to the issue raised by the defendant's pleadings and the evidence.

We recognize the rule that the error in an improper charge is not cured by merely giving a correct charge which does not call attention to the erroneous charge or withdraw or correct it. See *Securities Investment Co.* v. *Jett,* 59 *Ga. App.* 418 (1 S. E. 2d, 69), and citations therein. That rule, however, must be considered with other well-established rules of law. "The charge of the court, like all other deliverances in human language, is to be construed together as one whole, and when one part of it plainly tempers and modifies another, and the ultimate sense and impression are correct, the true standard of practical sufficiency is attained." *Cox* v. *State,* 64 *Ga.* 375 (12) (37 Am. R. 76). " 'The instructions of the court must be read together as one connected whole, to ascertain whether they correctly declare the law. The omission or inaccuracies of one instruction may be cured by the contents of other instructions, or some of them; and if, when the instructions of the court are considered as a whole, they correctly state the law and are not inconsistent or misleading, the fact that a particular instruction or isolated paragraph may be objectionable, as inaccurate or misleading, will not constitute ground for reversal.' 1. Randall on Instructions to Juries, 975, sec. 533. 'Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial.' *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 153 (2) (38 S. E. 389)." *Hennemier* v. *Morris,* 51 *Ga. App.* 760 (4) (181 S. E. 602). The charge of the court exonerating the defendant from negligence in driving its truck over the center of the highway and onto the left side of the street, if the driver

was confronted with an emergency suddenly arising, seems to us to have tempered and modified and corrected the misstatement of the law in the charge complained of. We think that the jury understood that the last charge was a correction or modification of the other, and that the incorrect rule was not applicable to the case. In this connection, see *Bass* v. *Bass, 52 Ga.* 531 (4); *Grooms* v. *Grooms, 141 Ga.* 478 (3) (81 S. E. 210); *Sutton* v. *Ford,* 144 *Ga.* 587 (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106); *Barron* v. *Chamblee,* 199 *Ga.* 591 (34 S. E. 2d, 828).

The last charge referred to, which was conceded to be a correct statement of the law, and applicable to the facts of the case, definitely related to the same subject-matter as the charge complained of, namely, the rule of the road requiring a driver in meeting another vehicle to turn to the right of the center of the highway; and the jury was clearly instructed that, if the defendant was confronted with an emergency, as detailed in the charge, his turning to the left to avoid a collision would be no violation of the rule of the road. We think that the reasonable construction to be placed upon the charge as a whole is that the excerpt under consideration was qualified and modified by the later charge referred to, which was applicable to the facts of the case.

Special ground 5 complains of the charge of the court on the subject of accident, as confusing and misleading to the jury, but we do not think that it was harmful to the defendant. The charge complained of did submit to the jury an issue that had not been pleaded; but we think that it tended to help rather than harm the defendant by giving it the benefit of a'defense which it did not plead. "An instruction of the court which is favorable to the complaining party is not ground for a new trial." *Daughtry* v. *Georgia Power Co.,* 61 *Ga. App.* 505 (2) (6 S. E. 2d, 454); *Lewis* v. *Patterson,* 191 *Ga.* 348 (12 S. E. 2d, 593). The defendant cites *Morrow* v. *Southeastern Stages Inc.,* 68 *Ga. App.* 142 (22 S. E. 2d, 336); and *Ault* v. *Whittemore,* 73 *Ga. App.* 10 (35 S. E. 2d, 526), in support of its contentions. The first of these cases is easily distinguishable, because in that case there was a verdict for the defendants. The trial court charged on accident, and this court reversed the case on motion of the plaintiff because the charge submitted to the jury a defense which was

not supported by the evidence nor pleaded by the defendant, and which was calculated to distract the attention of the jury from the real issue. In the *Ault* case, there was a verdict for the plaintiff, and this court held that a request to charge on accident was properly denied because that question was not involved. Neither of the cases relied on by the defendant requires a different ruling on this point.

As to the general grounds of the motion, it is sufficient to say that the evidence authorized the verdict in favor of the plaintiff, and the court did not err in refusing the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*