37362. HUBBARD *et al. v.* COFER.

Decided October 23, 1958—Rehearing denied
November 6, 1958.

*Smith, Swift, Currie & McGhee, J. Ray Merritt,* for plaintiffs in error.

*D. B. Phillipps, John S. Wood,* contra.

Nichols, Judge. 1. The oral testimony adduced on the trial of the case, as set forth in the brief of evidence, consists of 168 pages and it would indeed serve no useful purpose to set forth this voluminous testimony here. Suffice it to say that, while to some extent, the plaintiff's case was made by circumstantial evidence, there was also direct evidence of physical facts adduced to support her contentions.

The plaintiff's petition charged the defendants with various acts of negligence, but boiled down to their final analysis, the

defendants were charged with negligence in driving the loaded tractor-trailer into the vehicle being driven by the decedent, and with negligence per se in operating the tractor-trailer to the left of the centerline on a roadway having one lane for north-bound traffic and one lane for south-bound traffic. "A fact can be proved by circumstantial evidence as well as by direct proof, and physical facts and circumstances may be sufficient to author-ize the jury to disbelieve the witnesses of a party and to thereby impeach them. *Atlantic and Birmingham Railway Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277); *Emory University* v. *Bliss* [35 *Ga. App.* 752, 134 S. E. 637] . . . *Central of Georgia Ry. Co.* v. *Grace,* 46 *Ga. App.* 101, 102 (166 S. E. 684). 'Implica-tions inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto.' *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577)." *McRae* v. *Wilby,* 59 *Ga. App.* 401, 409 (1 S. E. 2d 77). "In the present case the jury was authorized to find that the direct and positive testimony of the defendant [Lawson] and his . . . witness[es] . . . uncontradicted by any witness, was not consistent with the cir-cumstantial evidence introduced on the trial of the case, and under the law and the evidence to return a verdict in favor of the plaintiff." *McRae* v. *Wilby,* supra, headnote 1 (c).

Where as here, assuming but not deciding that the plaintiff's case was made out only by circumstantial evidence, the direct and circumstantial evidence was not consistent. While all the evidence showed that the tractor-trailer, driven by Lawson, and the Mercury, driven by the decedent, were traveling in opposite directions, the plaintiff's evidence showed that the collision oc-curred in the proper lane of travel for the Mercury while the direct evidence of the defendants showed that the collision oc-curred in the proper lane of travel for the tractor-trailer, and while there was evidence which raised a presumption that the decedent was under the influence of alcohol at the time of the collision, the jury was not bound to so find or to find, if it found that the decedent was under the influence of alcohol, that such condition had anything to do with the collision. The evidence

authorized the verdict and the usual general grounds of the motion for new trial are without merit, and the trial court did not err in denying the defendants' motion for a judgment non obstante veredicto.

2. Special ground numbered 4 of the amended motion for new trial assigns error on an excerpt of the charge wherein the jury was instructed that it is the duty of all operators of motor vehicles to turn to the right so as not to encroach upon or impair the equal rights of fellow travelers, and if the driver of any class of vehicle is on the wrong side of the road then it is a question for the jury to decide, if, under the circumstances of the case, the driver of such vehicle would be guilty of negligence.

The only attack on this excerpt of the charge is that it submitted to the jury the issue of whether the defendants' vehicle was on the wrong side of the road prior to the collision. As shown by the rulings on the usual general grounds of the motion for new trial and the motion for a judgment non obstante veredicto, this was a question for the jury's determination under the evidence adduced on the trial of the case. Accordingly, no error is shown by this special ground of the motion for new trial.

3. Special grounds 5 and 7 of the amended motion for new trial both assign error on the same excerpt from the charge. In this excerpt the trial court instructed the jury that if it should find that the decedent was under the influence of intoxicating whisky at the time of the collision but was exercising that degree of care which would have been exercised by an ordinarily prudent person in the circumstances, and that his injuries and death were the result of the negligence of the defendant Lawson alone, then the plaintiff would be entitled to recover the full value of the life of the decedent, for the law does not permit a person who has negligently inflicted injuries upon another resulting in damages to escape liability by attempting to prove only that the person injured was under the influence of intoxicating whisky.

While the defendants contend in their brief that the same charge was given twice, an examination of the whole charge reveals that the excerpt complained of was given only one time. However, the real complaint appears to be that the trial court expressed an opinion in this excerpt from the charge. This con-

tention is without merit. The charge given was substantially the same principle of law as that approved in *Sheppard* v. *Johnson*, 11 *Ga. App.* 280, 284 (75 S. E. 348); *Higginbotham* v. *City of Rome*, 30 *Ga. App.* 101 (117 S. E. 101); *Central R. & Bkg. Co.* v. *Phinazee*, 93 *Ga.* 488 (21 S. E. 66); and *Garmon* v. *Cassell*, 78 *Ga. App.* 730, 739 (52 S. E. 2d 631). The charge given instructed the jury as to the law if it should find that the decedent was under the influence of alcohol at the time the collision occurred, and did not express any opinion as to whether he was or was not under such influence, nor did it express any opinion as to whether the defendants were or were not negligent.

4. The judge's certificate approving the amendment to the motion for new trial shows that special ground numbered 6 was withdrawn.

5. Special ground 8 complains that the trial court committed reversible error in charging on the theory of accident. "The charge on accident, if improper, tended to help rather than harm the defendant, by giving it the benefit of an additional defense, and was not error requiring a new trial." *Spalding Lumber Co.* v. *Hemphill*, 77 *Ga. App.* 1 (2) (47 S. E. 2d 514). While to so charge would have been harmful to the plaintiff had the jury returned a verdict for the defendant, where as here the jury found for the plaintiff, no harmful error is shown.

6. Special ground 9 assigns error on the admission of evidence wherein the defendant Lawson purportedly made an admission against interest. This evidence was offered by the plaintiff and was such as would tend to impeach the testimony of the defendant Lawson as to how the collision occurred. It was not error to admit such evidence. Code § 38-403.

7. Special ground 10 assigns error on an excerpt from the charge wherein the court instructed the jury as to the lawful speed of motor vehicles. It is contended that it was error to give this instruction without charging the jury in connection therewith that it was a contention of the defendant that the deceased was violating such speed laws. No contention is made that the charge given was not a correct principle of law or that such charge was not supported by the evidence.

No request for a fuller charge appears to have been made. "A

judge may charge legal principles applicable either abstractly or concretely. *Martin* v. *State*, 57 *Ga. App.* 346 (195 S. E. 313) ; *Blumenthal* v. *State*, 121 *Ga.* 477 (49 S. E. 597)." *Metropolitan Life Ins. Co.* v. *Crowder*, 71 *Ga. App.* 612, 615 (31 S. E. 2d 618). The charge given was authorized by the evidence and was full and fair and, had additional instructions been desired, they should have been the subject of timely written requests. This ground of the motion for new trial is without merit.

The trial court did not err in denying the defendants a judgment non obstante veredicto or a new trial.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*