38342.  LONG CONSTRUCTION COMPANY v. RYALS.

CARLISLE, Judge.  1.  Questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury. *Montgomery v. Southern Ry. Co.*, 78 Ga. App. 370 (1d) (51 S. E. 2d 66) ; *Harvey v. Zell*, 87 Ga. App. 280, 284 (1a) (73 S. E. 2d 605).  Unless the allegations

of the petition set up facts from which reasonable minds cannot differ as to the cause of the injury, they are sufficient to carry the case to the jury. *Bazemore v. McDougald Construction Co.*, 85 Ga. App. 107, 110 (68 S. E. 2d 163).

2. " 'It is no defense in an action for an injury resulting from negligence that the negligence or wilful wrong of third persons, or an inevitable accident, or an inanimate thing, contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. A juridical cause need not be the sole cause.' Jaggard on Torts, 67. 'If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause.' Cooley on Torts (3d Ed.) 119." *Rollestone v. Cassirer & Co.*, 3 Ga. App. 161, 173 (59 S. E. 442).

3. Under the foregoing principles, the right of the plaintiff to recover for negligent conduct on the part of the defendant alleged to have proximately resulted in injury to the plaintiff is not barred as a matter of law by the mere fact that the allegations of the petition show also that the plaintiff's injuries were in some measure contributed to by his own voluntary intoxication. *Hubbard v. Cofer*, 98 Ga. App. 565, 567 (106 S. E. 2d 358).

4. The petition stated a cause of action, as against a general demurrer sufficient to present a jury question as to whether under the application of the last clear chance doctrine the negligence of the plaintiff in placing himself in peril and in not discovering it until too late, was too remote to be considered as a contributing cause of the injury, and as to whether or not the negligence of the defendant's agent in failing to discover the plaintiff's peril and take steps to avoid the same by either reducing the speed of the vehicle, sounding his horn or turning the vehicle from its path, could be considered as the producing sole and proximate cause of the plaintiff's injuries. *Casteel v. Anderson*, 89 Ga. App. 68, 72 (78 S. E. 2d 831).

5. While ordinarily a driver of an automobile, who is proceeding lawfully along a public street, is not bound to anticipate that an intoxicated person will step from the curb directly into the path of his vehicle, where, from the actions of the person injured and others on the curbside observed by him,

he may reasonably anticipate that someone would get in the street ahead of his vehicle, he may under such circumstances, be chargeable with negligence in failing to take appropriate steps to avoid injuring such person, or persons. Whether his failure to exercise such care and to take such steps amounted to negligence, and whether it was the proximate cause of the plaintiff's injuries is a question solely for the jury's determination.

6. Only two of the special demurrers are argued and insisted upon in the brief of counsel for the plaintiff in error. The special demurrer to the allegations with respect to the duty of the defendant's driver to anticipate "such an occurrence" on the ground that there was no legal duty to anticipate that the plaintiff would leave his place of safety on the sidewalk and enter the street is but an elaboration of the general grounds of demurrer and is disposed of by the ruling thereon.

7. The allegations contained in paragraph 26 of the petition that the plaintiff did not instigate, cause or contribute to the altercation, and that the plaintiff at all times sought to disengage himself from the other man, are allegations of fact and not mere conclusions, nor are they necessarily contradictory of the allegations that the plaintiff was intoxicated. It follows that the trial court did not err in overruling the ground of the demurrer attacking those allegations for those reasons.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JUNE 21, 1960—REHEARING DENIED JULY 7, 1960.

*Dudley Cook,* for plaintiff in error.
*Roland Neeson,* contra.