38676.  SMALLWOOD, by Next Friend v. RUSHING.

CARLISLE, Judge.  A jury question was made by the evidence as to whether the defendant's wife was guilty of one or more of the acts of negligence alleged in the petition, and as to whether, if she was negligent, such negligence was the proximate cause of the plaintiff's injuries.  Accordingly, the trial court erred, after the jury had failed to agree upon a verdict, in granting a judgment for the defendant in accordance with the defendant's timely motion for a directed verdict.  *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 S. E. 2d 726), and cits.

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 14, 1961.

*Kenyon, Kenyon & Gunter, E. D. Kenyon,* for plaintiff in error. *Telford, Wayne & Smith, Sydney O. Smith, Jr.,* contra.

This was a damage suit brought by the plaintiff, a four-year-old child, to recover for injuries received when he was struck by the defendant's automobile, alleged to have been a family-purpose car and driven by the defendant's wife.

It was alleged that the defendant's wife was guilty of negligence in driving the vehicle along the street at a speed greater than was reasonable and prudent under the conditions, having regard for the actual and potential hazards then existing, and

whether she was exceeding 10 miles per hour, which was alleged to be the maximum safe speed at said time and place, and whether the failure of the defendant's wife to control the speed of the vehicle so as to avoid colliding with the plaintiff, constituted a violation of her requirements to exercise due care, and whether she failed to reduce the speed of the vehicle in accordance with such requirements having regard for the special conditions then existing, and whether she was negligent in failing to keep a proper lookout and in failing to anticipate the presence of the plaintiff at the time and place after having observed children playing in the area and whether she failed to exercise ordinary diligence in applying her brakes promptly and in controlling the automobile properly so as to avoid striking and injuring the plaintiff.

The evidence adduced upon the trial of the case showed that the plaintiff, a child just four years of age, was injured when struck by the defendant's automobile driven by his wife as a family-purpose car; that the place of the injury was a quiet residential neighborhood with a street 18 to 21 feet in width with automobiles parked on the left side with respect to the direction in which the defendant's automobile was traveling; that when the defendant's car was within some 125 feet of the point of impact and while it was traveling at that time some 5 miles per hour the defendant's wife observed a child 6 to 10 years old cross the street from left to right; that also at that time she observed children playing in the yards and on the sides of the street; that she increased the speed of her automobile to some 10 to 15 miles per hour; that as she approached the point where she had observed the child cross the street the plaintiff darted out from between two automobiles parked on the left-hand side of the street and directly into the path of the defendant's automobile and was struck thereby; that the defendant's wife immediately applied the brakes and the car was stopped within 2 or 3 feet after striking the child; and that the body of the child, according to the defendant's own evidence, was hurled some 15 to 20 feet in front of his automobile; and that the impact of the automobile with the child's

150

body was heard inside a closed house adjacent to the street where it occurred.