41079. PICKERING CONSTRUCTION COMPANY et al. v. LIBERTY MUTUAL FIRE INSURANCE COMPANY.

DECIDED FEBRUARY 19, 1965.

*Thomas E. Moran,* for plaintiffs in error.

*Bryan, Carter, Ansley & Smith, John S. Langford, Jr.,* contra.

EBERHARDT, Judge. There is no merit in the general grounds. A factual question was presented and the jury resolved it in favor of the defendant.

There is exception to a charge "if you find that the damage sustained by the plaintiff in this case was caused by flood, surface water, water backed up through sewers or drains, water

below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, walls, foundations, basement or other floors, or through doors, windows, or any other opening in such sidewalks, driveways, foundations, walls or floors, then the plaintiff is not entitled to recover and your verdict should be in favor of the defendant."

The exceptions are that it tended to mislead and confuse the jury, was not adjusted to and was unsupported by the evidence. We cannot agree. The language of the charge is substantially that of express exclusions contained in the policy which were the basis for the defendant's main defense. *Metropolitan Life Ins. Co. v. Crowder*, 71 Ga. App. 612 (1) (31 SE2d 618). Thus it would appear that failure to charge in this respect would have been error. *Central Railroad v. Harris*, 76 Ga. 501. We see nothing misleading or confusing in it. It was amply authorized.

■ A charge that "an insurance adjuster has no authority, apparent or otherwise, to settle a claim or to assume responsibility for a claim which is clearly not within the coverage of the insurance policy," is a correct statement of the law. *Assurance Co. of America v. Bell*, 108 Ga. App. 766 (134 SE2d 540). Plaintiff's superintendent testified that defendant's adjuster came to the scene shortly after the damage occurred and after looking over the situation and making some investigation, stated to him: ". . . there is nothing to do but for you folks to go ahead, get your barricades built and start shoring, getting ready for use, because it has to be completed," and that "he gave instructions to proceed." The statement amounted to no more than the adjuster's opinion of what the plaintiffs should do. It was not an authorization to proceed on the basis of liability under the policy, particularly when the facts indicate that the loss was not within the coverage, but even if it had been so intended the adjuster's authority is limited to the settlement or adjustment of losses within the coverage. Beyond that he could not bind the company.

In my opinion the contentions made by plaintiff as to the effect of this evidence and defendant's denial of coverage rendered the charge appropriate. But even if not adjusted to the

pleadings and the evidence, as is pointed out in the concurring opinion, the giving of the charge was not harmful.

*Judgment affirmed. Nichols, P. J., and Pannell, J., concur as to Divisions 1 and 2 and concur specially as to Division 3.*

PANNELL, Judge, concurring specially. I concur in the result reached, but cannot agree with the reasons for the disposition of the assignments of error to the charge in the third division of the opinion. The assignment of error on the charge contained in the motion for new trial reads as follows:

"Movant avers that said charge was erroneous and not sound as an abstract principle of law, and on the further ground that said charge tended to confuse and mislead the jury in that it is not adjusted to the pleadings and the evidence, and is wholly unsupported by the pleadings or the evidence and therefore the court erred in so instructing the jury and allowing the jury to predicate its verdict thereon."

Pretermitting the question as to whether the assignments of error are sufficient to present a question for decision by this court other than that portion assigning error on the ground that the charge was not sound as an abstract principle of law, and, assuming that the charge is sound as an abstract principle of law under the authority of *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (134 SE2d 540), it was nevertheless not adjusted to the pleading and the evidence for the reason that, as the opinion states, there was no evidence that the adjuster settled the claim or assumed responsibility for the claim, and there was no pleading to this effect, although such a contention may have been orally made upon the trial of the case. However, this error was harmless to plaintiff for the plaintiff apparently was contending that there was such evidence. Any error at this point was favorable to plaintiff. Even if there were no evidence that the claim was not within the coverage, so as to make the charge inapplicable for that reason, this would not make the charge harmful to plaintiff, when no proof was offered as to any settlement or assumption of liability having been made. The charge was not appropriate to the issues made by the pleading and the evidence, but the error, if any, was harmless to the complaining party.