74387. PIERCE COUNTY SCHOOL DISTRICT v. GREENE.
(363 SE2d 825)

McMURRAY, Presiding Judge.

Marsha Regina Greene (plaintiff) brought an action against the Pierce County School District (defendant), Marvin D. Soles and Cato Timber Company for injuries she sustained after she was struck by a truck which was owned by Cato Timber Company and operated by Mr. Soles. The evidence adduced at trial, construed most favorably to support the jury's verdict, was as follows:

On May 11, 1983, plaintiff, who was then 10 years of age, was transported from school on a school bus owned by defendant and operated by defendant's driver, Elaine M. Lee. Ms. Lee stopped the school bus at a stop sign on a dirt road which was perpendicular to a

paved rural road near plaintiff's home. Plaintiff exited the bus, stepped onto the dirt road and, as plaintiff walked across the paved road to her home, she was struck by Cato Timber Company's log truck. As a result of the collision, plaintiff suffered serious injuries.

The jury returned a verdict in favor of plaintiff and against defendant in the amount of $250,000. Cato Timber Company and Mr. Soles were absolved of liability for plaintiff's injuries. After the denial of defendant's motion for new trial, this appeal followed. *Held*:

1. In defendant's only enumerations of error it contends the trial court erred in instructing the jury "on the law of accident which was also an incorrect statement of law" and on the legal definition of "crosswalk" and argues that "[t]hese charges were harmful . . . in that they served as a source of confusion to the jury which, in turn, adversely affected [its] right to contribution from [Cato Timber Company and Soles]."

Although defendant answered and alleged that the acts of Cato Timber Company and Soles were the cause of plaintiff's injuries, defendant asserted no cross-claim against its co-defendants for contribution. See OCGA § 9-11-13 (g). Consequently, assuming the trial court's jury instructions were erroneous and may have adversely affected a claim of contribution by defendant against its co-defendants, since no such claim was asserted we see no harm to defendant as to its liability to plaintiff. In other words, defendant may not compel plaintiff to another trial on appeal based on harm in an action which was never asserted and was not before the jury for resolution.[1]

(a) " 'The charge on accident, if improper, tended to help rather than harm the defendant, by giving it the benefit of an additional defense, and was not error requiring a new trial.' *Spalding Lumber Co. v. Hemphill*, 77 Ga. App. 1 (2) (47 S.E.2d 514). While to so charge would have been harmful to the plaintiff had the jury returned a verdict for the defendant, where as here the jury found for the plaintiff, no harmful error is shown." *Hubbard v. Cofer*, 98 Ga. App. 565, 568 (5) (106 SE2d 358). We find no harmful error in the court's charge on "accident."

(b) In regard to the court's charge on the definition of "crosswalk," the court defined a crosswalk as prescribed in OCGA § 40-1-1 (8) (A) and instructed the jury that plaintiff was not struck "within a legally defined crosswalk . . . ." We find no harm in this instruction

---

[1] In its supplemental brief, defendant raises the question, "is it res judicata to bring a separate action for contribution against its [co-defendants]?" In response, it is sufficient to say that this court is for the correction of harmful error and, since the issue of res judicata or collateral estoppel was not before the trial court for resolution, our holding in the case sub judice in no way addresses the issue of estoppel and how that doctrine affects a subsequent action between co-defendants as to their liability inter se. However, for analysis regarding this issue, see 24 ALR3d 318.

as the undisputed evidence showed that plaintiff was not in or near a crosswalk at the time she was injured. "While Code § 81-1104 [now OCGA §§ 9-10-7 and 17-8-55] prohibits a trial judge from intimating or expressing any opinion as to what has or has not been proved, yet where, as [in the case sub judice], the evidence demands a finding as to the opinion expressed, there is no cause for reversal. *Imperial Investment Co. v. Modernization Construction Co.*, 96 Ga. App. 385 (2) (100 SE2d 107); *Goldstein v. Karr*, 110 Ga. App. 806 (140 SE2d 40); *Rauch v. Shanahan*, 125 Ga. App. 782 (189 SE2d 111)." *Georgia Power Co. v. Mozingo*, 132 Ga. App. 666, 668 (4), 669 (209 SE2d 66). Further, contrary to defendant's assertions that this instruction was confusing and misleading, we find nothing therein which prejudiced defendant's cause, thereby requiring a new trial.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 14, 1987 — 

*Terry A. Dillard, Joseph E. East*, for appellant.
*John R. Thigpen, Sr., William J. Edgar, M. Theodore Solomon II*, for appellee.